UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JPMORGAN CHASE BANK, N.A.,**

       **Plaintiff,**

v.                                           Case No:  6:19-cv-1527-Orl-RBD-DCI

**ASG COMPUTER & REPROGRAPHIC, INC., ARMANDO SILVA and ALEX SILVA,**

       **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS (Doc. 25)** |
| **FILED:** | **November 13, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. Background

This case stems from a loan that Plaintiff extended to Defendant ASG Computer & Reprographic (ASG).  According to the Amended Complaint, ASG signed a promissory note (note) in the amount of $100,000.00 and Defendants Alex and Armando Silva signed the related continuing unlimited guaranty (guaranty).  *Id*.  ASG failed to make payments as is required under the note and a default resulted.  *Id*.

Plaintiff sues Defendant ASG for Breach of Note (Count I) and Defendants Alex and Armando Silva for Breach of Guaranty (Count II). *Id*. at 3. Plaintiff seeks $100,000.00 for the principal amount, along with "accrued interest, default interest, late charges, court costs, advances, attorneys' fees, and all other amounts recoverable…" *Id*. at 4.

Pending before the Court is Plaintiff's Motion for Default Judgment Against All Defendants (the Motion). Doc. 25. Plaintiff claims that it is owed $105,203.43 and requests that the Court reserve jurisdiction to determine attorney fees and costs and all other appropriate relief. *Id*. at 2, 5.

**II.   Discussion**

   **A.  Subject Matter Jurisdiction**

Plaintiff has sufficiently demonstrated that the parties are completely diverse, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Doc. 4. Therefore, the undersigned finds that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

   **B.  Clerk's Default**

Defendants were each served with a summons and a copy of the Amended Complaint. Docs. 10, 11, 16. The Clerk has issued an Entry of Default with respect to all Defendants. Docs. 14, 15, 24. The docket reflects that Defendants have not filed an appearance or otherwise responded to the Amended Complaint. The Motion for Default Judgment is ripe for review.

   **C.  Liability**

      **1.  Breach of Promissory Note**

Plaintiff asserts that Defendant ASG is in Breach of the Note (Count I). Doc. 4 at 2-3. A claim "for breach of a promissory note is the same as a breach of a contract action." *Cadence*

*Bank, N.A. v. Windolf*, 2015 WL 473835, at *2 (N.D. Fla. Feb. 4, 2015 (citing *Wane v. Loan Corp.*, 926 F.Supp.2d 1312, 1324 (M.D. Fla. 2013)). A party asserting a claim for breach of contract under Florida law[1] must establish: 1) the existence of a valid contract; 2) a material breach of the contract; and 3) damages resulting from the breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co.*, 985 So.2d 56, 58 (Fla. 4th DCA 2008)). Further, the party asserting a claim for breach of a promissory note must establish that it is the owner of the promissory note and possesses the original. *Dasma Invs., LLC v. Realty Assocs. Fund III, L.P.*, 459 F.Supp.2d 1294, 1302 (S.D. Fla. 2006).

The Amended Complaint contains the following relevant allegations. On May 11, 2011, ASG executed and delivered the note to Plaintiff in the amount of $100,000.00. Docs. 4, 4-1. ASG defaulted by failing to make the January 11, 2019 payment and all other subsequent payments as is required under the note. Doc. 4 at 2. Plaintiff asserts that it "owns and/or holds the loan" and as of July 23, 2019, Defendants owe Plaintiff $105,203.43 in principal, interest, late charges, and certain fees under the note. *Id.* Plaintiff claims that every condition precedent to this action was performed, waived, or excused. *Id.* Plaintiff has attached the note with the additional terms. Docs. 4, 4-1, 4-2.

The note includes a promise to pay, the required payment schedule, and provides that Defendant ASG will default if it "fails to pay when due any amount payable under any of the

---

[1] The Additional Terms for the loan are attached to the note. Doc. 4 at 2; Doc. 4-2, Ex. B. The Additional Terms provide that each document shall be governed by and construed in accordance with the laws of the LPO state. Doc. 4-2 at 14. "The words 'LPO State' mean the state where Lender's loan production office is located as shown in the address for Lender on each document." Doc. 4-2 at 3. The note reflects that the Lender's address is in Orlando, Florida. Doc. 4-1 at 1.

indebtedness." Doc. 4-1 at 1; 4-2 at 2.[2] Defendant ASG's failure to make payments since January results in a default under the terms of the note. Doc. 4-1. Defendant ASG owes Plaintiff $105,203.43 in principal, interest, late charges and certain fees under the note. Doc. 4 at 3.[3]

Defendant ASG admits these well-pled allegations by virtue of its default, and these allegations are sufficient to establish each element that Defendant ASG breached the note. Thus, the undersigned finds that Plaintiff is entitled to default judgment on Count I of the Amended Complaint.

### 2. Breach of Guaranty

Plaintiff claims that the individual Defendants breached their respective guarantees. "A breach of guaranty claim is akin to a breach of contract claim under which the guarantor is alleged to have breached its promise by failing to pay the debt of another on the default of the person primarily liable for payment." *ECP Station I LLC v. Chandy*, 2016 WL 3883028, at *3 (M.D. Fla. June 29, 2016) (citing *New Holland, Inc. v. Trunk*, 579 So.2d 215, 217 (Fla. 5th DCA 1991); *Swan Landing Dev., LLC v. Fla. Capital Bank, N.A.*, 19 So.3d 1068, 1072 (Fla. 2d DCA 2009)). As such, and as previously discussed, a party asserting a claim for breach of contract under Florida law must establish:  1) the existence of a valid contract; 2) a material breach of the contract; and 3) damages resulting from the breach. *Vega*, 564 F.3d at 1272.

Plaintiff alleges that on May 11, 2011, the date that Defendant ASG executed the note, Defendants Alex and Armando Silva executed and delivered the guaranty. Doc. 4 at 2. Being that ASG defaulted under the loan, Plaintiff claims that the individual Defendants owe Plaintiff the full

---

[2] The term "event of default" is defined in the Additional Terms, which the note references. Doc. 4-1 at 4.

[3] According to the Motion, Plaintiff is owed $100,000.00 in principal, $4,996.74 in accrued interest, plus late fees and costs of $206.69, for a total of $105,203.43. Doc. 25 at 2.

amount of the principal under the loan, along with the accrued interest, default interest, late fees, attorneys' fees, and expenses. *Id*. at 3-4.  The guaranty is attached to the Amended Complaint by reference.  Doc. 4-3.  The guaranty provides that "Guarantor, as primary obligor and not merely as surety, absolutely and unconditionally guarantees to the Lender the performance of and full and prompt payment of the indebtedness when due, whether at stated maturity, by acceleration, or otherwise." *Id*.

As discussed, the amount owed is alleged and the individual Defendants admit the well-pled allegations by virtue of the default, and the allegations are sufficient to establish the breach of guaranty.  Accordingly, the undersigned finds that Plaintiff is entitled to default judgment on Count II.

**III.   Conclusion**

Based on the foregoing, it is **RECOMMENDED** that the Motion (Doc. 25) be **GRANTED** and that Plaintiff be given a deadline to file a motion quantifying attorney fees and costs.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 8, 2020.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge

Counsel of Record
Unrepresented Party
Courtroom Deputy